UNITED STATES of America, Appellee,

v.

Frederick MARSH,* Defendant, Appellant.

No. 82–1888.

United States Court of Appeals, First Circuit.

Argued Feb. 10, 1984.

Decided Oct. 4, 1984.

---

* This opinion also covers Nos. 82–1889, *United States v. Anouncio Archbold;* 82–1890, *United States v. Jean Archbold;* 82–1892, *United States v. Jose Ospina;* 82–1893, *United States v. Victor Figueroa;* and 82–1921, *United States v. Augustin Archbold.*

Stephen M. Perry, Boston, Mass., by appointment of the Court, with whom David M. Roseman, Casner, Edwards & Roseman, John Russell, Herlihy & Russell, Raymond Gillespie, Daniel Kelleher, Michael O'Laughlin, Anne Mackin, Stephen Morse, Guterman, Horwitz, Rubin & Rudman, and Martin Gideonse, Boston, Mass., were on brief, for defendants, appellants.

Tobin Harvey, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., and John C. Doherty, Asst. U.S. Atty., Boston, Mass., were on brief, for appellee.

** Of the District of Maine, sitting by designation.

Before COFFIN and ALDRICH, Circuit Judges, and GIGNOUX,** Senior District Judge.

COFFIN, Circuit Judge.

After our remand, the district court, 747 F.2d 7 clarified its earlier decision, affirming that its conclusion that defendants knew that the destination of the contraband was the United States was based on evidence which it deemed sufficient to prove such knowledge beyond a reasonable doubt. We therefore proceed to assess the sufficiency of the evidence under this proper and rigorous standard.

Admittedly the evidence is circumstantial. There is no smoking gun. But, looked at starkly, taking evidence and inferences favorable to the prosecution, the situation appears as follows. The seven defendants were members of a crew who, with a Danish captain, manned a fairly large (116 foot) "mother ship" for some 19 days, from Colombia to a point 270 miles off the northeast coast of the United States, southeast of Nantucket Island. The ship was headed west, toward the continental United States, when it was apprehended. Of this crew a substantial proportion must have stood watches and been acquainted with the general course of their progress. The crew lived, slept, and ate in a common area. There was no apparent reason for secrecy or concealment, either of progress or destination.

Under these circumstances, to conclude that, after such a period of time, among such a small group, with knowledge of being so close to and headed toward the only large, as well as most affluent, market area, i.e., mainland United States, as opposed to New Brunswick or Nova Scotia, Canada, a finder of fact could not reasonably have found that all defendants knew that the GRIMURKAMBAN's destination was the United States, seems to us beyond the pale of realism. On the contrary, it seems to us that in such an informal setting, after almost three weeks at sea, the chief topic of interest would be the where

and when of the end of the voyage, and that the absence of logical alternatives would sufficiently indicate the United States.

*We therefore affirm the judgments below in the cases we remanded to the district court.*